IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA MICHELLE BRITTON et al.,

    Plaintiffs,

v.                                              CASE NO.  4:11cv32-RH/WCS

WAL-MART STORES EAST, LP.,

    Defendant.

_____/

## ORDER ON PENDING MOTIONS

This order confirms and in some respects adds to the rulings announced on the record of the hearing on June 27, 2011, and rules on other matters that have become ripe since that hearing.

IT IS ORDERED:

1. The parties' joint motion, ECF No. 89, to delay entry of an order on the plaintiffs' motion for sanctions, ECF No. 33, pending settlement efforts, is GRANTED IN PART. The entry of this order has been delayed, but a mediation report now indicates that settlement efforts failed, so the entry of this order has not

been delayed further.

  2. The plaintiffs' consented motion, ECF Nos. 87 & 88, to extend the deadline for responding to the defendant's objections to the report and recommendation is GRANTED. The response as filed, ECF No. 91, is deemed timely and has been considered.

  3. The report and recommendation, ECF No. 73, is accepted in part and rejected in part. An appropriate sanction for the defendant's willful destruction of relevant evidence—including an award of costs and attorney's fees—will be imposed after the return of a verdict or other resolution of the merits. But the defendant is not foreclosed from defending any issue on the merits. The plaintiff may present evidence at trial that the defendant destroyed evidence. The defendant may contest the evidence. The jury will be properly instructed on the defendant's duty to preserve evidence and on the jury's discretion to draw an adverse inference from a bad-faith destruction of evidence.

  4. The plaintiff's motion to compel production, ECF No. 75, is GRANTED IN PART and DENIED IN PART. The defendant must produce an unredacted version of the email chain that has been filed in redacted form as ECF No. 65-1 (and it is noted that the defendant apparently has already done so, *see* ECF No. 93). That email chain refers in the first paragraph to an earlier email of December 1, 2009, from Jeff Sutherland. *See* ECF No. 93 at page 2 of 3. By August 4, 2011,

the defendant must file under seal for in camera review an unredacted copy of the referenced December 1 email.  The motion to compel is denied with respect to other documents that relate to the same subject matter as the email chain.

    5.  The plaintiffs' initial motion to compel production, ECF Nos. 76, has been superseded by a corrected version and thus is DENIED AS MOOT.

    6.  The plaintiffs' corrected motion to compel production, ECF No. 77, is GRANTED IN PART and DENIED IN PART, as follows:

        a.  For request 2, the motion is denied as moot, because the defendant has agreed to produce any indemnification agreement that applies to this claim, and the plaintiff has withdrawn any broader request.

        b.  For request 3, the motion is denied, because the plaintiffs said at the hearing that they sought the documents only to show that Wal-Mart Inc. policies were applicable to this store—and at the hearing the defendant expressly admitted it.  No ruling is made on any objection to evidence of Wal-Mart Inc. policies on other grounds.

        c.  For requests 4, 5, and 7, the motion is denied.

        d.  For request 10, the motion is denied, but the defendant must provide the plaintiffs the full name and last known address of Dave Gorman.

        e.  For request 14, the motion is granted.  The defendant must produce any index described in the request.

  f.  For request 17, the defendant must file a response to the motion within five days after the plaintiffs notify the defendant of the city and year of the death at issue—without an additional three days based on the manner in which the information is provided.

  g.  For request 18, the defendant must file a response to the motion by August 4, 2011.

  h.  For request 20, the motion is granted.  The defendant must produce any requested documents.

  i.  For request 23, 25, and 26, the motion is denied.

  j.  For request 32, the motion is granted in part.  The defendant must produce any requested policies that apply to digital cameras.

  k.  For request 35, the motion is denied.  But the parties should confer in an effort to agree on an exhibit for use at trial showing the store's floorplan.

  l.  For request 36, the motion is denied as to Mr. Gautier and otherwise denied as moot, on the ground that for others the defendant has provided the requested documents (with redactions that the plaintiffs have not challenged to this point).

  m.  For request 37, the motion is granted.  The defendant must cause a diligent search to be made—in Bentonville, Tallahassee, and any other location where video or audio recordings may be located—for video or audio recordings of

events inside or outside the store at issue for all or any part of the period from the time the plaintiffs first arrived on the property until they left.  A recording, for this purpose, includes a recording made or preserved in any form.  The defendant must file a declaration by August 18, 2011, setting out the scope and results of the search.  Any recording that has not already been produced to the plaintiffs must be produced within three days after it is located or by August 18, 2011, whichever is earlier.

  n. For requests 39 and 40 (as limited by the plaintiffs to digital cameras), the motion is granted, in accordance with the defendant's supplemental response. The defendant must produce the requested documents for digital cameras.

  o.  For request 42, the motion is denied.

  p. When this order requires documents to be produced and does not set a different deadline, the deadline for production is August 11, 2011.

 7.  The plaintiff's motion, ECF No. 78, for a ruling that the minor plaintiffs' claims are for "child abuse" within the meaning of § 768.735, Florida Statutes, is denied without prejudice to a request for appropriate jury instructions or other rulings at trial.  The first amended complaint is construed as asserting the "child abuse" theory.  No ruling is made on the merits of the theory.

 8.  The clerk must set a case-management conference or hearing on a

*Page 6 of 6*

discovery motion by telephone promptly upon a party's request.

SO ORDERED on July 28, 2011.

                                            s/Robert L. Hinkle
                                            United States District Judge